UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Franklin Butler,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　Civil No. 15-87 (JNE/JSM)
　　　　　　　　　　　　　　　　　　　　　　　　ORDER
Essam Al Tamimi,

    Defendant.

Invoking 28 U.S.C. § 1332 (2012), Scott Franklin Butler brought this action against Essam Al Tamimi for malicious prosecution and abuse of process. The Court is scheduled to hear Tamimi's motion to dismiss on August 13, 2015. Tamimi asserted that the action should be dismissed on the grounds of lack of personal jurisdiction, forum non conveniens, and comity. In light of statements made in Tamimi's motion to dismiss, the Court affords the parties an opportunity to address whether subject-matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.").

A district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "The jurisdiction of a federal court under 28 U.S.C. § 1332(a) depends on the citizenship of the parties at the time the action is commenced." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013). Butler alleged that he is a citizen of Illinois, that Tamimi is a citizen of the United Arab Emirates, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

In his memorandum of law in support of his motion to dismiss, Tamimi questioned the allegation that Butler is a citizen of Illinois: "This allegation is at least questionable in light of the fact that [Butler] admittedly acts as Chief Executive Officer and majority owner of [Arabian Anti-Piracy Alliance], a company headquartered in Dubai." In support, Tamimi cited the Second Amended Complaint, in which Butler alleged that he "acts as the Chief Executive Officer and majority owner of Arabian Anti-Piracy Alliance," and Tamimi's affidavit in which Tamimi stated that "Butler was and remains to this day a resident of the UAE." Tamimi's declaration is dated March 23, 2015, approximately two months after the action's commencement. If Butler was domiciled in the United Arab Emirates when he brought this action, then he is not a citizen of any state, *see, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *Freidrich v. Davis*, 767 F.3d 374, 377-78 (3d Cir. 2014); *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 455 (7th Cir. 2009), and subject-matter jurisdiction under § 1332(a)(2) does not exist.

2

By July 24, 2015, Butler shall submit a memorandum of law and affidavits that address whether subject-matter jurisdiction exists. In particular, Butler shall establish that he was a citizen of Illinois at the time of this action's commencement. Tamimi shall respond with a memorandum of law and affidavits by July 31, 2015.

IT IS SO ORDERED.

Dated: July 15, 2015

                                                s/Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge